## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID B. CHANDLER, *et al.*,    )
                               )
               **Plaintiffs,**    )     **Case No. 1:26-cv-166**
    **v.**                    )
                               )
THE FOREST SERVICE OF THE U.S.  )
DEPARTMENT OF AGRICULTURE,  )
*et al.*,                           )
                               )
            **Defendants.**    )

## <u>MEMORANDUM ORDER</u>

In this *pro se* civil action, Plaintiffs David B. Chandler, Bruce Breuninger, and Leslie Lee Gray, Jr. have sued the Forest Service of the U.S. Department of Agriculture ("USFS") and three USFS officials for conduct that they believe impairs their First Amendment rights. As set forth in the Complaint, "Plaintiffs seek emergency relief by Temporary Restraining Order upon the denial of special use authorization by Operating Plan for the 2026 Rainbow Gathering in Allegheny National Forest, a peaceful public assembly for expression and prayer." ECF No. 1, ¶1. Plaintiff state that the Defendants "have declared this event to be an 'unauthorized Group Use Incident', and subjected attendees to intensive retaliatory and targeted enforcement, theft of waterlines and arbitrary restrictions to impair safe operations on-site." *Id.* More broadly, they seek "declaratory and injunctive relief from regulatory provisions and permit terms" which, they claim, "preclude participants in voluntary assembly from lawful compliance and authorization, in effect criminalizing a broad class of individual speakers and imposing an unconstitutional prior restraint upon their exercise of First Amendment rights." *Id.*

Pending before the Court is Plaintiff's motion for a temporary restraining order, in which Plaintiffs ask this Court to: (1) enjoin the Defendants from continuing to deny special use

1

authorization for the Rainbow Gathering in the Allegheny National Forest, and (2) restrain the "persistent harassment of participants, and other retaliatory action" that Plaintiffs claim is designed "to impede and deter peaceful assembly on public land." ECF No. 2 at 1.

Rule 65 of the Federal Rules of Civil Procedure addresses injunctions and restraining orders. Pursuant to that rule, a district court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, Plaintiffs have failed to certify in writing the efforts, if any, they made to give the Defendants notice of their TRO motion, nor have they stated any reason why notice should not be required. For this reason alone, Plaintiffs' motion for a TRO must be denied.

In addition to that deficiency, two of the three Plaintiffs identified in the complaint have failed to sign the complaint as well as the TRO motion and supporting memorandum. ECF Nos. 1, 2, and 3. This constitutes a violation of Rule 11, which requires that each *pro se* plaintiff sign "[e]very pleading, written motion, and other paper" filed int he case. Fed. R. Civ. P. 11(a); see *Williams v. Maynard*, No. 23-CV-1320, 2023 WL 3674332, at *2 n.11 (E.D. Pa. May 25, 2023) (interpreting Rule 11's signature requirement to apply to each plaintiff individually). The signature serves as a certification that the filing is "not being presented for any improper purpose," and that there is a good faith basis for the claims, assertions of fact, or denials of fact asserted. See Fed. R. Civ. P. 11(b). The rule requires the court to strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. Fed. R. Civ.

2

P. 11(a).  Because neither Bruce Breuninger nor Leslie Lee Gray, Jr. have signed the aforementioned filings, the Court cannot proceed on their claims or requests for relief in any event.

Accordingly, IT IS ORDERED this 2nd day of July, 2026, that the Motion for Temporary Order filed at ECF No. [2] is DENIED without prejudice.  To the extent Plaintiffs wish to pursue the claims set forth in their complaint and their request for a temporary restraining order, their future filings must correct the deficiencies identified herein and otherwise comply with the Federal Rules of Civil Procedure.

SO ORDERED.

SUSAN PARADISE BAXTER
United States District Judge

3